CALVIN FOSTER & others *vs.* CITY OF WORCESTER.

Worcester.   October 1, 1895. — October 17, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Eminent Domain — Authority by Statute to build a City Hall upon a City Common.*

Leave to build a city hall upon the common in Worcester was impliedly given by St. 1885, c. 139, authorizing the city to take the interest of the First Parish in the common, and such leave was not affected by the use of the site of the meeting-house as part of the common after the removal of the building, nor by leave granted to the city to withdraw a subsequent petition for express authority.

PETITION IN EQUITY, under Pub. Sts. c. 27, § 129, filed July 20, 1895, by ten taxable inhabitants of the city of Worcester, to restrain the city council, the mayor, treasurer, and all other officers of the city, from carrying out the orders of the city council as to erecting a city hall upon the " Old Common," so called, without leave of the Legislature.

Hearing on the pleadings and agreed facts before *Allen*, J., who entered a decree dismissing the bill, and reported the case for the determination of the full court.   The facts appear in the opinion.

*F. P. Goulding & T. G. Kent, (H. F. Harris* with them,) for the petitioners.

*W. S. B. Hopkins,* for the respondent.

BARKER, J.   The erection of the proposed city hall is forbidden by the provisions of Pub. Sts. c. 54, § 16, unless the Legislature has given leave to place it upon the common.   The respondent contends that St. 1885, c. 139, gives such leave, and the case turns upon the construction to be given to that statute.

The common is oblong, nearly rectangular, containing about seven acres of land, with a frontage upon Main Street of about three hundred and forty-four feet.   Nearly in the centre of this frontage and some fifty feet back from the street formerly stood the Old South Meeting-house, which in the year 1885 was the place of worship of the First Parish of Worcester.   This building was about fifty-five feet wide and about one hundred and twenty

feet long.  In the corner of the common, between the meeting-house and Front Street, was the present city hall, a brick building of about the same size as the meeting-house and about sixty feet from it, and quite near to Front Street, and nearer to Main Street than the meeting-house.  The city hall and the meeting-house were so placed that the longer axis of the former was at a right angle to Main Street and that of the latter parallel with it.

The St. 1885, c. 139, gave no express leave in terms to build a city hall upon the common, but authorized the city to acquire by purchase or to take all the title and interest of the First Parish in the common " for the purposes of a public park, or for the purposes of a city hall."  In the exercise of this authority, all the title and interest of the First Parish were taken by the city in the year 1886, " for the purposes of a public park and for the purposes of a city hall," some $115,000 were paid to the parish as compensation for its title and interest in the common, and the meeting-house was sold by the city to a purchaser, who removed it the next year, after which the city removed the foundation walls.  Since the year 1882 the common has been under the supervision and control of the city's park commissioners, and since the meeting-house has been removed the land taken from the parish has been under the control of the commissioners, and has been graded and turned into greensward on a level with the surrounding common, and it so remains.

So far as leave from the General Court was necessary, the St. 1885, c. 139, must be held to have given permission to use the common for any purpose for which the statute gave authority to take the title and interest of the First Parish.  If the words " or for the purposes of a city hall " in the first section of the statute mean the erection of a new city hall, leave to place it upon the common is included in the enactment.  A city hall must have an area upon the ground of more than six hundred square feet, and leave to erect the building is an essential accompaniment of the authority to take the title and interest of the parish, without which the authority to take for the purposes of a city hall would be useless, if not invalid.  It is clear from the plan, the pleadings, and the agreed facts, that the Legislature did not authorize the city to take the old meeting-house in order to use the build-

ing for a city hall, and that neither the old meeting-house nor the land under it, nor the interest of the parish in the old common, were in any way essential to the use of the present city hall. Yet the statute was one which authorized the exercise by the city of the right of eminent domain, and for each of the purposes specified the Legislature must have found a public necessity sufficient to call for the passage of such a statute. The erection of a new city hall upon ground which was at once an old common and a public park would be such a public use as would justify the passage of the statute.

In our opinion, the reasonable construction of St. 1885, c. 139, is that by it the Legislature gave to the city authority to acquire the title and interest of the parish in the common for the purpose of building there, in a public park, a new city hall, suitable in size, location, and construction for the needs of the city, and in so doing, by a necessary implication, gave the leave contemplated in Pub. Sts. c. 54, § 16.

The statute contains no limit of time within which the leave thus impliedly given must be availed of, and we see nothing in the control of the common by the park commissioners of the city, nor in the removal of the meeting-house and its foundations and the grading of the ground and using it as part of the common or park, to require the granting of a new leave. The giving leave to withdraw when the city asked express leave of the Legislature may well have been upon the theory that no further permission was required, and cannot be treated as a withdrawal of leave previously given.*

*Decree affirmed.*

---

* The bill alleged: " The General Court has never granted leave to said city, as required by Pub. Sts. c. 54, § 16, so to place said building upon said Old Common, but on the contrary, on a petition duly presented to said General Court within one year prior to the filing of this petition, refused to give said leave."